**IMG-047** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4134
_____

AMIT KUMAR,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A076-641-081)
Immigration Judge:  Honorable Daniel Meisner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 14, 2012
Before:  SLOVITER, GREENAWAY, JR., AND COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 16, 2012)
_____

OPINION
_____

PER CURIAM

       Amit Kumar petitions for review of the order of the Board of Immigration

Appeals ("BIA") denying his motion to reopen.  We will deny the petition.

I.

Kumar is a citizen of India who entered the United States illegally in 1999 and who concedes removability on that basis. He applied for asylum and other relief claiming that the brothers of his Sikh girlfriend beat him on account of his Hindu beliefs. An Immigration Judge ("IJ") rejected his claims and ordered his removal to India, and the BIA affirmed in 2002. Kumar did not petition for review.

In 2011, Kumar filed with the BIA the motion to reopen at issue here. He conceded that it was untimely because he filed it more than ninety days after his final order of removal, but he argued that it qualifies for the exception for motions based on changed country conditions. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Kumar now claims that he is homosexual, that he had his first such relations after entering the United States, and that he contracted HIV in 2008. He also argues that he faces mistreatment on account of both his homosexuality and his HIV-positive status in India and that he may be unable to obtain necessary HIV medication if returned there. Kumar supported his motion with evidence of his medical condition and various articles regarding the treatment of homosexuals and those with HIV in India.[1]

---

[1] The Government argues that Kumar could have raised a claim based on

2

The BIA denied the motion as untimely and not based on materially changed country conditions. The BIA concluded that Kumar's newly professed homosexuality and his contraction of HIV are changes in personal circumstances that do not show changed country conditions. The BIA further concluded that homosexuality has long been illegal and stigmatized in India and that Kumar has not shown that conditions for homosexuals or those with HIV have materially changed since his hearing in 2000. Finally, the BIA also declined to reopen Kumar's proceeding sua sponte. Kumar petitions for review.

II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we review the denial of reopening for abuse of discretion. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011).[2] We will not disturb the BIA's ruling unless it is "'arbitrary, irrational, or contrary to law.'" Id. at 158 (citation omitted). We review the BIA's underlying assessment of the record for substantial evidence and may not disturb it

_____

homosexuality before the IJ because his new evidence reports that he has been "sexually attracted to men from an early age" (A.R. 31), was in a homosexual relationship at the time of his hearing before the IJ (id. 32), and indeed came to the United States "to escape persecution as a homosexual man in India" (id. 35). The BIA did not reach this issue, however, so we will not consider it.

[2] We generally lack jurisdiction to review the BIA's discretionary denial of reopening sua sponte, see id. at 159-60, but Kumar has not challenged that aspect of its ruling.

3

unless "'any reasonable adjudicator would be compelled to conclude to the contrary.'" Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Kumar raises essentially four arguments on review, but each lacks merit. First, Kumar concedes that homosexuality has long been illegal and stigmatized in India, but he argues that the BIA overlooked a new policy of compulsory testing for HIV that makes an individual's HIV-positive status (and apparently presumed homosexuality) more likely to be discovered. Kumar cites for this proposition only the argument contained in his motion to reopen, which in turn does not cite any actual evidence of record. (Petr.'s Br. at 13) (citing A.R. 20). In any event, the underlying evidence does not support it. One article cites a 2002 study suggesting that over 95% of hospital patients listed for surgery were tested for HIV against their will, but the article does not state whether or how that represents a change since 2000. (A.R. 43.) In addition, as the Government notes, that article references proposed state bills regarding compulsory testing that have not passed and states that the Indian government instead supports voluntary testing. (Id. 42.) Another article does as well. (Id. 62) ("The government has issued a comprehensive HIV testing policy indicating that no individual should undergo mandatory testing for HIV[.]"). In sum, the record does not support Kumar's

4

argument that the BIA overlooked a changed condition in this regard.

Second, Kumar suggests that the BIA wrongly read our decision in Liu to hold that a change in personal circumstances can never support a motion to reopen. The BIA, however, did not deny Kumar's motion on the sole basis that it described a change in personal circumstances. To the contrary, it rightly cited Liu for the proposition that an alien filing an otherwise untimely motion to reopen on the basis of changed personal circumstances "must also demonstrate changed country conditions." (BIA Dec. at 1) (citing Liu, 555 F.3d at 151). The BIA then concluded that Kumar had not shown changed country conditions here.

Third, Kumar argues that the BIA inadequately considered his evidence in reaching that conclusion. We disagree. The BIA's discussion was indeed on the cursory side, but we cannot say that the record before it required more. The BIA cited Kumar's exhibits and, although it discussed only one by way of example, accurately summarized their contents and explained why they do not show a change in country conditions. Thus, the BIA both "'demonstrate[d] that it has considered [Kumar's] evidence" and "'provide[d] us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief[.]'" Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008) (quoting Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006)). Kumar does not

cite any specific evidence potentially showing changed conditions that the BIA

overlooked, and our own review of the record confirms that the BIA's conclusion

was supported by substantial evidence.[3]

Finally, Kumar faults the BIA for failing to address whether he belongs to a

particular social group or whether he faces "other serious harm" for purposes of

humanitarian asylum. 8 C.F.R. § 1208.13(b)(1)(iii)(B). As the Government

argues, Kumar did not exhaust these issues by raising them before the BIA. See 8

U.S.C. § 1252(d)(1). There also was no reason for the BIA to discuss any potential

social group once it concluded that Kumar's untimely motion was not based on

changed country conditions. In addition, Kumar did not apply for humanitarian

asylum, and there is no indication that the BIA erroneously thought that his

medical concerns are irrelevant to such relief. Cf. Pllumi, 642 F.3d at 162-63

(remanding where BIA's decision suggested that it may have thought the

availability of medical care irrelevant).

In sum, while we sympathize with Kumar's medical condition and his desire

to remain in the United States, nothing in the record before us permits us to

conclude that the BIA abused its discretion in denying his motion to reopen.

---

[3] The Government argues that Kumar's evidence shows, if anything, that medical treatment for those with HIV in India has improved in recent years. (A.R. 38, 41, 43-45, 52-53, 57.) The BIA made no conclusion to that effect, but this evidence

Accordingly, we will deny the petition for review.

---

certainly did not compel it to conclude otherwise.